UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SABER INTERACTIVE INC,

Plaintiff(s),

v.

OOVEE LTD et al.,

Defendant(s).

CASE NO. 2:21−cv−01201−JHC

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 12/19/2022 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 1/3/2023 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 1/9/2023 |

The deadlines above may be extended only by the Court. Any request for an extension should be made to Ashleigh Drecktrah, Courtroom Deputy, at Ashleigh_Drecktrah@wawd.uscourts.gov. If Defendants have appeared, the parties are directed to meet and to confer before contacting the court to request an extension.

If this case involves claims that are exempt from the requirements of FRCP 26(a) and 26(f), please notify Ashleigh Drecktrah at Ashleigh_Drecktrah@wawd.uscourts.gov.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT – 1

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by January 9, 2023. This conference shall be by direct and personal communication, whether that be an in–person meeting, video conference, or telephone conference. The Report will be used to determine if a FRCP 16 conference would be helpful and to set a schedule for the prompt completion of the case. FRCP 16 provides for a pretrial conference with the court for such purposes as:

1. expediting disposition of the action;
2. establishing early and continuing control so that the case will not be protracted because of lack of management;
3. discouraging wasteful pretrial activities;
4. improving the quality of the trial through more thorough preparation; and
5. facilitating settlement.

The Joint Status Report must contain the following information, by corresponding paragraph numbers.

1. A statement of the nature and complexity of the case.
2. A proposed deadline for the joining of additional parties.
3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13, to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable Judge may conduct all proceedings including trial and the entry of judgment. When responding

to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if parties consent. Otherwise, a "no" response should be provided.

    4.   A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

        (A) initial disclosures;

        (B) subjects, timing, and potential phasing of discovery;

        (C) electronically stored information;

        (D) privilege issues;

        (E) proposed limitations on discovery; and

        (F) the need for any discovery related orders.

    5.   The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.) on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

        (A) prompt case resolution;

        (B) alternative dispute resolution;

        (C) related cases;

        (D) discovery management;

        (E) anticipated discovery sought;

        (F) phasing motions;

        (G) preservation of discoverable information;

        (H) privilege issues;

        (I) Model Protocol for Discovery of ESI; and

        (J) alternatives to Model Protocol.

    6.   The date by which discovery can be completed.

    7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

    8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

    9. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

    10. Any other suggestions for shortening or simplifying the case.

    11. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

    12. Whether the trial will be jury or non–jury.

    13. The number of trial days required.

    14. The names, addresses, and telephone numbers of all trial counsel.

    15. The dates on which the trial counsel may have complications to be considered in setting a trial date.

    16. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

    17. Whether any party wishes a pretrial FRCP 16 conference with the judge prior to entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in–person or telephonic conference.

    18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.

    If the parties are unable to agree on any part of the Report, they may answer in

separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Ashleigh Drecktrah at Ashleigh_Drecktrah@wawd.uscourts.gov.

### III. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### IV. PROCEDURAL INFORMATION

The Local Rules, Electronic Filings Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

### V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Ashleigh Drecktrah at Ashleigh_Drecktrah@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

Dated the 5th of December 2022.

*John H. Chun*
_____
John H. Chun
United States District Judge